UNITED STATES DISTRICT COURT
**NORTHERN**: DISTRICT OF NEW YORK

———————————————————

MARCOS RODRIQUEZ

                     Plaintiff,

vs,

The State of New York

                     Defendants.

———————————————————

MARCOS RODRIQUEZ (Pro-se)

**PLAINTIFF'S COMPL. PURSUANT TO, 42 U.S.C.A 1983**

22 Civ. __ ( ) ( )

JURY DEMAND



[FILED stamp: U.S. DISTRICT COURT - N.D. OF N.Y. FEB 28 2022 AT ___ O'CLOCK, John M. Domurad, Clerk - Syracuse]

    **PLAINTIFF**, executes ("Affirmation 42 USCA 1983"). <u>See</u> dkt. # [1] for redress. This Action is against defendants the, ("State of New York") which owns and operates ("DOCCS") and Community Supervision at (Eastern) facility, under the care, custody and control of Supt. (Lynn J. LILLY) responsible for fac. medical unit. Where plaintiff an incarcerated Individual (patient) receives medical treatment

    Now asserts that the defendants the (State of New York") responsible for ("DOCCS) and Community Supervision at (Eastern) fac. medical unit. Those employees negligently failed in preventive methods after conducting various PSA testing, prostate examininations. Allowed (8) years to laps in preventive measures before sending plaintiff out to be examined by specialist (urologist) to perform

1

biopsy constituted Deliberate Indifference to plaintiff's serious medical needs. In an, (8) year delay in diagnosis. Base upon the following findings herby:

states under the penalty of perjury that the following names, dates, and events involving, defendants private employees through contractual agreement mentioned are to the best of his knowledge Just and True and will be used within a Federal District Court (Northern District) Judges: Chambers seeking redress and thereafter relief concerning State and Federal claims in a deprivation of pre-existing law of adequate medical care and public health, loss of chances and increased of harm.

**Way of Back Ground**:

Plaintiff while under Defendants municipal, ("DOCCS") and Community Supervision (Eastern) fac. asserts that on, (2/21/2014) he began to experience extreme difficulty in urinating. Thereafter immediately submitted a sick call slip to be evaluated by, (Eastern) fac. medical staff. Upon arriving within medical unit plaintiff had been given an appointment to be seen by physician, (Bhavsar Bipin) date of appointment, (3/6/2014). Physician, (Bipin) based upon a series of questions asked to plaintiff decided to examine his prostate consisting of a (standard finger check procedure) resulted in detecting that plaintiff had an abnormal large prostate resulting in physician, (Bipin) prescribing him a

medication called, (Tamsulosin) 04 MG cap, date prescribed on, (3/6/014) to the present date of this writing, (1/13/022) and continuing.

For period of, (8) year's plaintiff remained on the medication, (Tamsulosin) without any follow up appointments involving an outside specialist[s] in preventive measure of plaintiff being vulnerable to later being diagnosed with prostate cancer, nor how his prostate is responding to the medications or for the most part a biopsy based upon the PSA testing results.

On, (10/1/020) plaintiff had been awaken in the evening hours with a sharp pain in his phallus while urine and droplets of blood covered his entire bed sheets as an abrupt sharp pain reached from his testicles to his abdomen causing plaintiff to drop to his cell floor in a fetus position. In shock, fear released feces while remaining in a fetus position. Thereafter regaining composure immediately reported to emergency sick call on, (10/2/020).

Upon arriving within Eastern fac. medical unit plaintiff was seen by nurse, (Jane Doe) whom placed plaintiff on the callout to be examined by physician, (Mikhail Guzman) on, (10/6/020) plaintiffs explain to, (Guzman) that he was experiencing severe pain in his rectum area followed by, (Guzman) examining plaintiff prostate and prescribing medication, (Bactrin) after scheduling plaintiff to be examined by urologist, (Marc C. Janis) on (5/21/021) located at ("DOCCS") Fishkill facility. Upon appointment with urologist, (Janis) plaintiff was examined

3

by a (standard prostate finger check) followed by an appointment for a biopsy on, (8/17/021)

On, (8/17/021) urologist, (Janis) performed biopsy. Shortlythereafter plaintiff submitted a notice of communication requesting that medical at (Eastern) release biopsy results (no avail). An additional notice was sent to Nurse Administrator, (Kimberly Faulkner). Shortlythereafter plaintiff received his medical records after (6) week. Upon plaintiff independently examining his medical records he then discovered that he was diagnosed with prostate cancer immediately reported to sick call the following day on, (9/25/2021).

Upon reaching medical unit plaintiff had been seen by nurse, Ms. (Knodakouki) whom not only could not explain why he was not informed of his prostate cancer diagnosis, but also upon checking computer data also had no indication that plaintiff was ever diagnosed with prostate cancer. Plaintiff was then scheduled to see Nurse practitioner, (Armbruster) for an appointment on, (9/27/021). Upon arriving on, (9/27/021) Nurse, (Armbruster) confirmed that plaintiff is diagnosed with prostrate cancer, and scheduling him for an appointment on, (10/8/021) again with urologist, (Janis) who also confirmed that plaintiff has prostate cancer and explained plaintiff treatment options.

**Exhaustion within ("DOCCS") Inmate Grievance System**

Records indicate that Exhibit (**B**) establishes that plaintiff has exhausted a the mandated three-tiered process for adjudicating inmate complaints, [i] filed a grievance with IGRC, [ii] appealed the an adverse decision by the IGRC, [iii] appealed an adverse decision by the Superintendent to CORC pursuant to, 7 N.Y Comp. Codes R. & Regs § 701.5  Now enters the Federal Court jurisdiction based upon the following claims.

**First cause of action:**

Plaintiffs states that due to defendants Custom/ Practice/ Regulations was the causation to his injuries when defendants having a culpable state of mind of plaintiff's diagnosis of an abnormal prostate and PSA testing placed him at grave risk to his health and safety of possibly being diagnosed with prostate cancer resulted in (Deliberate Indifference) to his serious medical needs when allowing (8) years to laps in monitoring plaintiff's condition by providing him with a urologist.

**Second cause of action:**

Plaintiff states that due to defendants Custom/Practice/ Regulations was the causation in plaintiff sustaining serious injuries in being diagnosed with prostate cancer in defendants failure to adequately provide plaintiff with sufficient medical

care resulting in Negligence behavior, (Medical Malpractice) resulting in serious injuries.

**Third cause of action:**

Plaintiff states that due to the defendants Custom/Policy/Regulations was the causation to his injuries when defendants failed in adequate monitoring, Record Keeping (Breached the Standard Care of Duty) when plaintiff had independently examine his own medical records resulting in finding out on his own accord that he was diagnosed with prostate cancer resulting in (Intentional Infliction of Emotional Distress).

**Forth cause of action:**

Plaintiff states that due to the defendants Custom/Policy/Regulations was the causation to his injuries upon defendants having constructive knowledge that plaintiff being under the care custody and control of defendants has a right to adequate medical care and this failure to provide the necessary medical care constituted Cruel and Unusual Treatment.

Here plaintiff also assert claims under New York Law that, [i] the defendants breached the standard of care in the community, [ii] that breach proximately caused plaintiff injuries in having prostate cancer [t]he applicable standard of care required by defendants under contractual agreement of physicians, nurses resulted in delayed diagnosis proximately caused plaintiff's injuries coupled

with, medical malpractice committed by state employees and loss of chance doctrine causing cruel and unusual treatment, constituted Eighth Amend Const violations

Secondly asserts that the defendants deviated from acceptable medical care practice by negligently delaying in diagnosing a serious condition resulting in deliberate indifference upon having a culpable state of awareness of risk and harm diminishing [the plaintiff's] chance of a better outcome or increased the injury chances of survival or cure had occurred.

**Personal Involvement:**

1) **MIKHAL, GUZMAN** Physician of, (DOCCS) at (Eastern) facility

Physician, (Guzman) is a head physician excising his duties out of, ("DOCCS") Eastern facility. Who is responsible for assuring that incarcerated individuals at (Eastern) facility received adequate medical care treatment. Physician, (Guzman) is responsible for also assuring that incarcerated individual[s] such as plaintiff are adequately monitor and sent out to be examined by specialist[s] due to having a culpable state of a serious risk

Physician, (Guzman) breached his responsibility to plaintiff when allowing, (8) years to laps without scheduling plaintiff for biopsy or any outside appointments to be examined by a specialist[s] when plaintiff had prior been diagnosed with a large prostate also placed upon various medications that indicate

the severity of plaintiff's condition could possible worsen <u>See</u> : PSA tests. It wasn't until the year of, (2020) after plaintiff complained of severe pain and only then was sent out by (Guzman) to be seen again by specialist (Janis). Making matter worst thereafter plaintiff on his own accord by independently examining his medical records discovered that he had been diagnosed with prostate cancer, subsequently notified medical department at (Eastern) that his records indicates that he has prostate cancer. In which (Guzman) had no indication until informed by plaintiff himself of prostate cancer

**<u>BHAVSAR, BIPIN</u>** Physician at Eastern Correctional facility

Physician, (Bipin) is responsible for providing incarcerated individual[s] with adequate medical care throughout (Eastern) Correctional facility. Physician (Bipin) first examined plaintiff's prostate on, (3/6/2014) which resulted in prescribing him the medication, (Tamsulosin) on, (3/6/2014). Physician, (Bipin) after examination failed in comprehensive methods in prevention when failing to place plaintiff in for follow up examinations with specialist in order to adequately monitor plaintiff conditions this continued for (8) years resulting in deliberate indifference.

**Damages for pain and suffering:**

Under New York law plaintiff first asserts [F]actors to be consider in the light of the evidence [i] proximate cause of injuries [ii] mental pain and suffering

(IIED) [iii] permancy of the injuries [iiii] the extent of pass, present future pain and long term effects of injury.

Here defendants failed to take plaintiff early diagnoses of a large prostate seriously resulting in negligently failing to monitor any suspicions (8) year delay in diagnosis pain and suffering by decedent **20 Million** dollars in damages Medical Malpractice **800, 000** due to Intentional Infliction of Emotional Distress

Date: Jan 14. 2022
Napanoch, New York 12458

Marcos Rodriguez 02-A-5668
EasternNY Correctional Facility
Box 338 Napanoch, New York 12458
Housing unit South Hall 16-8

*Marcos Rodriguez*

cc:  Court Clerk (Pro-se Motion Part)
United States District Court
Northern District of New York
100 S. Clinton St PO Box 7367
Syracuse New York 13261-7367