# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

MARCOS RODRIGUEZ, a/k/a MARCOS RODRIQUEZ

                                                            Plaintiff,

     v.                                                               9:22-CV-181 (GTS/ATB)

BHAVSAR BIPIN, et al.,

                                                            Defendants.

MARCOS RODRIGUEZ, Plaintiff, pro se
MARK G. MITCHELL, Asst. Attorney General, for Defendants

ANDREW T. BAXTER, U.S. MAGISTRATE JUDGE

## REPORT-RECOMMENDATION

     In this pro se civil rights action, plaintiff alleges that, while he was an inmate in the custody of the Eastern Correctional Facility, defendants denied him constitutionally adequate medical care. Presently before this court is defendants' motion to dismiss plaintiff's amended complaint for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. No. 26). Defendants also argue that Plaintiff's Eighth Amendment claims as asserted against Dr. Bipin Bhavsar are time-barred.

     This matter has been referred for Report and Recommendation by United States District Judge Glenn T. Suddaby, pursuant to 28 U.S.C. and Local Rule N.D.N.Y. 72.3(c). For the following reasons, this court recommends that defendants' motion to dismiss be granted as to plaintiff's Eighth Amendment claims against Dr. Bhavsar, but denied as to Dr. Mikhail Gusman.[1]

---

[1] Plaintiff's amended complaint reversed Dr. Bhavsar's first and last names and misspelled Dr. Gusman's last name. The court will refer herein to the doctors by their correct names.

## DISCUSSION

I. **Facts**

Plaintiff is currently incarcerated at the Greene Correctional Facility, but at all times relevant to the amended complaint, plaintiff was housed at the Eastern Correctional Facility ("Eastern C.F."). (Dkt. No. 17, Amended Complaint ("Am. Compl."))[2] Dr. Bhavsar was employed as a physician at Eastern C.F. from at least March 6, 2014 until he retired on December 1, 2016. (Dkt. No. 26-1 ¶ 1; Am. Compl. ¶¶ 16-18). Dr. Gusman was similarly employed as a physician at Eastern C.F. from at least October 6, 2020 until at least November 16, 2021. (*See generally* Am. Compl.).

On March 6, 2014, plaintiff was evaluated by Dr. Bhavsar for "urinary issues" and found to have an enlarged prostate. (Am. Compl. ¶¶ 16-19). Following this evaluation, plaintiff was prescribed medication for an enlarged prostate. *(Id.)*. Plaintiff "continued to have issues with his urination, and such difficulty continued to increase, rather than improve, with the use of the prescribed medication[,]" which he communicated to "medical staff . . . on multiple occasions between 2014 and 2021." (*Id.* ¶¶ 22-23).

On or about October 2, 2020, plaintiff attended an emergency sick call where he informed medical staff of "pain in his penis, and his finding [of] blood and urine in his bed." (*Id.* ¶ 25). On October 6, 2020, plaintiff was evaluated by Dr. Gusman after

---

[2] On September 21, 2022, Judge Suddaby issued an order accepting the amended complaint for filing and as the operative pleading. (Dkt. No. 18). Judge Suddaby ruled that plaintiff's Eighth Amendment claims and related state law claims against defendant Dr. Bhavsar and Dr. Gusman survived sua sponte review. (*Id.*).

2

seeking emergency sick call, during which time Dr. Gusman "felt two nodes in [plaintiff's] prostate as well as moderate tenderness." (*Id.* ¶ 26). Dr. Gusman prescribed plaintiff antibiotics and referred him for a urology consultation, which occurred on May 21, 2021, and resulted in a biopsy referral. (*Id.* ¶ 26-72).

On or about August 17, 2021, plaintiff "underwent [a] biopsy of his prostate." (Am. Compl. ¶ 29). The results of the report were released on August 20, 2021 and reviewed on August 31, 2021. (Dkt. No. 2 at CM/ECF 7-8). Near the end of September, plaintiff was informed that the biopsy procedure revealed that he has prostate cancer. (Am. Compl. ¶ 31). On or about December 15, 2021, plaintiff "began planning procedures for radiation therapy[,]" which he completed on or about January 28, 2022. (*Id.* ¶ 34).

## II.     Motion to Dismiss

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555).

When considering a motion to dismiss pursuant to Rule 12(b)(6), the court's consideration is limited to the factual allegations as stated in the complaint, documents attached to the complaint as exhibits or incorporated into the complaint by reference, and matters of which the court can take judicial notice. *Portillo v. Webb*, No. 16 Civ.

4731, 2017 WL 4570374, at *1 (S.D.N.Y. Oct. 11, 2017) (quoting *Brass v. Am. Film Tech.*, 987 F.2d 142, 150 (2d Cir. 1993)) (citing *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47-48 (2d Cir. 1991)).  A court may take judicial notice of a public record pursuant to Fed. R. Evid. 201(b).  *Rothman v. Gregor*, 220 F.3d 81, 92 (2d Cir. 2000).  In the case of a pro se litigant, the court may also consider materials that the pro se attaches to his or her papers in opposition to the motion to dismiss.  *Portillo v. Webb*, 2017 WL 4570374, at *1 (citations omitted).

### III.   Statute of Limitations

#### A.   Legal Standards

"The statute of limitations for claims brought under Section 1983 is governed by state law, and in this case is the three-year period for personal injury actions under New York State law."  *Shomo v. City of New York*, 579 F.3d 176, 181 (2d Cir. 2009); *Owens v. Okure*, 488 U.S. 235, 250-51 (1989); N.Y.C.P.L.R. § 214(5).  Unless the limitations period is tolled for some reason, a plaintiff must file his Section 1983 civil rights action within three years of the accrual of each cause of action.  "Although the statute of limitations is ordinarily an affirmative defense that must be raised in the answer, a statute of limitations defense may be decided on a Rule 12(b)(6) motion if the defense appears on the face of the complaint."  *Ellul v. Congregation of Christian Bros.*, 774 F.3d 791, 798 n. 12 (2d Cir. 2014); *Brewer v. Hashim*, 738 F. App'x 34, 34-35 (2d Cir. 2018).

Federal law governs the question of when a Section 1983 claim accrues.  *M.D. v. Southington Bd. of Educ.*, 334 F3d 217, 221 (2d Cir 2003) (quoting *Leon v. Murphy*,

4

988 F.2d 303, 309 (2d Cir.1993)). Generally, under federal law, a cause of action accrues when "the plaintiff knows or has reason to know of the injury which is the basis of his action." *Pearl v. City of Long Beach*, 296 F.3d 76, 80 (2d Cir. 2002) (citations omitted).

Although federal law determines when a Section 1983 claim accrues, state tolling rules determine whether the limitations period has been tolled. *Abbas v. Dixon*, 480 F.3d 636, 641 (2d Cir. 1997). A single violation with continuing "consequences" does not extend the accrual of the statute of limitation. *See, e.g., Melendez v. Schneiderman*, No. 9:13-CV-622 (GLS/ATB), 2014 WL 2154536, at *12 (N.D.N.Y. May 22, 2014) (citing, inter alia, *Doe v. Blake*, 809 F. Supp. 1020, 1025 (D. Conn. 1992) (a "continuing violation" which would change the accrual date is occasioned by continuing unlawful acts, not by continued ill effects from the original violation)).

In "rare and exceptional" cases, the doctrine of equitable tolling may apply to defeat an argument that the action was not timely filed. *Abbas v. Dixon*, 480 F.3d 636, 642 (2d Cir. 2007). *See also Veltri v. Bldg. Serv. 32B-J Pension Fund*, 393 F.3d 318, 322 (2d Cir. 2004) ("Equitable tolling is an extraordinary measure that applies only when plaintiff is prevented from filing despite exercising that level of diligence which could reasonably be expected in the circumstances."). "Equitable tolling allows the court to extend the statute of limitations past the time of expiration as necessary to avoid inequitable circumstances." *Johnson v. Nyack Hosp.*, 86 F.3d 8, 12 (2d Cir. 1996) (citation omitted). In order to apply equitable tolling, the court must find that "extraordinary circumstances" prevented the plaintiff from performing the required

5

act, and that plaintiff acted "with reasonable diligence" during the period that he seeks to toll. *Walker v. Jastremski*, 430 F.3d 560, 564 (2d Cir. 2005) (quoting *Doe v. Menefee*, 391 F.3d 147, 159 (2d Cir. 2004)).

**B.     Analysis**

Plaintiff filed this action on February 23, 2022.[3] (Dkt. No. 1). Thus, absent equitable or other tolling, any claim which accrued prior to February 23, 2019 would be time-barred. Defendants argue that plaintiff's Eighth Amendment claim, as asserted against Dr. Bhavsar, is time-barred because the amended complaint does not allege participation by Dr. Bhavsar in the treatment of plaintiff during the three-year period before the commencement of this action. (Dkt. No. 26-2, Defendant's Memorandum of Law ("Def.'s Mem. ") at 4).

The amended complaint alleges that Dr. Bhavsar examined plaintiff on one occasion, on March 6, 2014, and detected an abnormally enlarged prostate. (*Id.* ¶ 17-19). Dr. Bhavsar ordered a PSA test, and then prescribed medication. (*Id.*). Plaintiff makes no further allegations regarding treatment by Dr. Bhavsar.[4] "With respect to a medical indifference claim, such a claim accrues when the constitutional violation

---

[3] In *Dory v. Ryan*, 999 F.2d 679, 682 (2d Cir. 1993), *modified on other grounds*, 25 F.3d 81 (2d Cir. 1994), the Second Circuit discussed the prison-mailbox rule, in which the court deems a pro se prisoner's complaint filed on the date that the prisoner delivered the complaint to prison officials for transmittal to the court.

[4] Although the court does not rely on this fact in its recommendation to grant the motion to dismiss as against Dr. Bhavsar, he retired from Eastern C.F. on December 1, 2016. (Dkt. No. 26-1 at 1). Even if plaintiff were able to plausibly allege that Dr. Bhavsar continued to treat him after 2014, then the last possible treatment would have occurred before December 1, 2016, five years after this action was filed. Hence, plaintiff will not be able to overcome the statute of limitation bar to his claims against Dr. Bhavsar by further amendments to his complaint.

allegedly occurs." *Orlando v. Johnson*, No. 9:19-CV-1183 (MAD/CFH), 2020 WL 7684949, at *3 (N.D.N.Y. Oct. 5, 2020), *report and recommendation adopted*, 2020 WL 7395625 (N.D.N.Y. Dec. 17, 2020) (citation omitted). "Actual awareness of injury is irrelevant[.]" *Id*. (citation omitted).

Plaintiff alleges that Dr. Bhavsar violated his Eighth Amendment rights when, after examining plaintiff and conducting certain diagnostic tests in 2014, he failed to follow up with a biopsy, to determine whether plaintiff had prostate cancer. (Dkt. No. 35, Plaintiff's Memorandum of Law (Pl.'s Mem. at 7-8). Even if the statute of limitations were subject to tolling or extension based on a concept of "continuous treatment," "continuing violation," or "continuing harm," plaintiff's deliberate indifference claims would have accrued no later than the date after which he was no longer under Dr. Bhavsar's medical care. *See Cole v. Miraflor*, No. 99 CIV 0977, 2001 WL 138765, at *5-6 (S.D.N.Y. Feb. 19, 2001) (assuming a "continuing harm" rule applied, plaintiff's claims for deliberately indifferent medical care by Dr. Miraflor accrued as of the date plaintiff was no longer under that doctor's care). The amended complaint does not allege that plaintiff was under Dr. Bhavsar's care after 2014, and thus the statute of limitation on the medical-care claim against him expired long before plaintiff filed this action. *See, e.g.*, *Warren v. Sawyer*, No. 9:15-CV-0591 (GTS/DEP), 2016 WL 1558460, at *5 (N.D.N.Y. Apr. 15, 2016) (dismissing medical indifference claims where the plaintiff's specific allegations as to the individual defendants occurred more than three years before the action was filed) (citing, inter alia, *Crenshaw v. Syed*, No. 9:10-CV-0244 (GLS/GHL), 2011 WL 2975687, at *4

7

(N.D.N.Y. Mar. 8, 2011) ("[A] plaintiff hoping to invoke the continuing violation doctrine must allege that the defendant committed a wrongful act within the statute of limitations period."), *report and recommendation adopted*, 2011 WL 2975775 (N.D.N.Y. Jul. 21, 2011)), *aff'd*, 691 F. App'x 52, 53 (2d Cir. 2017); *Orlando v. Johnson*, 2020 WL 7684949, at *3 (any claims arising from the alleged deliberate indifference of the defendants to plaintiff's medical needs accrued no later than the date when plaintiff was transferred out of their care to a civilian hospital; plaintiff's complaint was filed more than three years after that date and was thus barred by the applicable statute of limitation).

"When a plaintiff relies on a theory of equitable estoppel to save a claim that otherwise appears untimely on its face, the plaintiff must specifically plead facts that make entitlement to estoppel plausible (not merely possible)." *Thea v. Kleinhandler*, 807 F.3d 492, 501 (2d Cir. 2015). Neither plaintiff's complaint, nor his response to the motion to dismiss suggests any basis for equitable tolling. Notwithstanding the fact that he suffered from ever worsening prostate symptoms starting in 2014, plaintiff justified the delay in filing this action on the flawed argument that his claim against Dr. Bhavsar did not accrue until he was diagnosed with prostate cancer, eight years after his last reported treatment by Dr. Bhavsar. (Pl.'s Mem. at 7-8). *See Warren v. Sawyer*, 2016 WL 1558460, at *5 ("'[A] continuing violation cannot be established merely because the claimant continues to feel the effects of a time-barred . . . act.'") (citation omitted).

8

### III. Denial of Medical Care

#### A. Legal Standards

In order to state a claim based on constitutionally inadequate medical treatment, the plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). There are two elements to the deliberate indifference standard. *Smith v. Carpenter*, 316 F.3d 178, 183-84 (2d Cir. 2003). The first element is objective and measures the severity of the deprivation, while the second element is subjective and ensures that the defendant acted with a sufficiently culpable state of mind. *Id.* (citing *inter alia Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998)).

##### 1. Objective Element

In order to meet the objective requirement, the alleged deprivation of adequate medical care must be "sufficiently serious." *Salahuddin v. Goord*, 467 F.3d 263, 279 (2d Cir. 2006) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Determining whether a deprivation is sufficiently serious also involves two inquiries. *Id.* The first question is whether the plaintiff was actually deprived of adequate medical care. *Id.* Prison officials who act "reasonably" in response to the inmate's health risk will not be found liable under the Eighth Amendment because the official's duty is only to provide "reasonable care." *Id.* (citing *Farmer*, 511 U.S. at 844-47).

The second part of the objective test asks whether the purported inadequacy in the medical care is "sufficiently serious." *Id.* at 280. The court must examine how the care was inadequate and what harm the inadequacy caused or will likely cause the

9

plaintiff. *Id.* (citing *Helling v. McKinney*, 509 U.S. 25, 32-33 (1993)).  If the "unreasonable care" consists of a failure to provide any treatment, then the court examines whether the inmate's condition itself is "sufficiently serious." *Id.* (citing *Smith v. Carpenter*, 316 F.3d 178, 185-86 (2d Cir. 2003)).  However, in cases where the inadequacy is in the medical treatment that was actually afforded to the inmate, the inquiry is narrower. *Id.*  If the issue is an unreasonable delay or interruption of ongoing treatment, then the "seriousness" inquiry focuses on the challenged delay itself, rather than on the underlying condition alone.  *Id.* (citing *Smith*, 316 F.3d at 185).  The court in *Salahuddin* made clear that although courts speak of a "serious medical condition" as the basis for a constitutional claim, the seriousness of the condition is only one factor in determining whether the deprivation of adequate medical care is sufficiently serious to establish constitutional liability.  *Salahuddin v. Goord*, 467 F.3d 263, 280 (2d Cir. 2006).

  **2.**  **Subjective Element**

The second element is subjective and asks whether the official acted with "a sufficiently culpable state of mind." *Id.* (citing *Wilson v. Seiter*, 501 U.S. 294, 300 (1991)).  In order to meet the second element, plaintiff must demonstrate more than a "negligent" failure to provide adequate medical care.  *Id.* (citing *Farmer*, 511 U.S. at 835-37).  Instead, plaintiff must show that the defendant was "deliberately indifferent" to that serious medical condition.  *Id.*  Deliberate indifference is equivalent to subjective recklessness.  *Id.* (citing *Farmer*, 511 U.S. at 839-40).

In order to rise to the level of deliberate indifference, the defendant must have

known of and disregarded an excessive risk to the inmate's health or safety. *Id.* (citing *Chance*, 143 F.3d at 702). The defendant must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he or she must draw that inference. *Chance*, 143 F.3d at 702 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). The defendant must be subjectively aware that his or her conduct creates the risk; however, the defendant may introduce proof that he or she knew the underlying facts, but believed that the risk to which the facts gave rise was "insubstantial or non-existent." *Farmer*, 511 U.S. at 844. The court stated in *Salahuddin* that the defendant's belief that his conduct posed no risk of serious harm "need not be sound so long as it is sincere," and "even if objectively unreasonable, a defendant's mental state may be nonculpable." *Salahuddin*, 467 F.3d at 281.

Additionally, a plaintiff's disagreement with prescribed treatment does not rise to the level of a constitutional claim. *Sonds v. St. Barnabas Hosp. Corr. Health Servs.*, 151 F. Supp. 2d 303, 311 (S.D.N.Y. 2001). Prison officials have broad discretion in determining the nature and character of medical treatment afforded to inmates. *Id.* (citations omitted). An inmate does not have the right to treatment of his choice. *Dean v. Coughlin*, 804 F.2d 207, 215 (2d Cir. 1986). Because plaintiff might have preferred an alternative treatment or believes that he did not get the medical attention he desired does not rise to the level of a constitutional violation. *Id.*

Disagreements over medications, diagnostic techniques, forms of treatment, the need for specialists, and the timing of their intervention implicate medical judgments and not the Eighth Amendment. *Sonds*, 151 F. Supp. 2d at 312 (citing *Estelle v.*

11

*Gamble*, 429 U.S. at 107). Even if those medical judgments amount to negligence or malpractice, malpractice does not become a constitutional violation simply because the plaintiff is an inmate. *Id.*; *see also Daniels v. Williams*, 474 U.S. 327, 332 (1986) (noting that negligence is not actionable under Section 1983). Thus, any claims of malpractice, or disagreement with treatment are not actionable under Section 1983.

**B.    Analysis**

The defendants do not argue that prostate cancer is not a sufficiently "serious" medical condition. (Def.'s Mem. at 8). *See Martinez v. United States*, No. 20-CV-7275, 2021 WL 4224955, at *5 (S.D.N.Y. Sept. 16, 2021) (defendants concede that plaintiff's medical needs, including prostate cancer, were "sufficiently serious" to satisfy the objective prong of plaintiff's medical indifference claims. ). As explained above, where a plaintiff was provided treatment for a medical condition, the inquiry is more narrow. If the challenged conduct "is an unreasonable delay or interruption in that treatment, the seriousness inquiry focuses on the challenged delay or interruption in treatment rather than the prisoner's underlying medical condition alone." *Salahuddin v. Goord*, 467 F.3d 263, 280 (2d Cir. 2006).

Here, plaintiff complained that his prescribed medication did not improve his condition on multiple occasions between 2014 and 2021, and alleges that "no action was taken to determine why the treatment was not working, or why [p]laintiff's urinary symptoms continued to increase in severity." (Am. Compl. ¶ 23). Plaintiff alleges that he has suffered "degeneration of urinary and sexual function" as a result of the delay in diagnosis and treatment of his condition, in addition to "extreme fear

and emotional distress [and] sleeplessness." (*Id.* ¶¶ 38-39).  Plaintiff further alleges that had his condition been appropriately treated earlier, he could have avoided being subject to radiation treatment. (*Id.*).  Plaintiff's allegations regarding the seriousness and/or worsening of his condition, and the delay in more aggressive treatment by Dr. Gusman, are sufficiently plausible to survive the motion to dismiss.[5]

Plaintiff also plausibly alleges that Dr. Gusman recklessly disregarded plaintiff's serious medical risks.  Plaintiff alleges that Dr. Gusman was his general practitioner at Eastern C.F., as well as the "senior physician" overseeing the medical services unit at that facility. (Am. Compl. ¶ 2a).  Plaintiff further alleges that Dr. Gusman performed at least six tests on plaintiff between January of 2017 through June of 2021, the results of which indicated that plaintiff was either at "a higher risk" or had "an increased risk of future prostate cancer[.]" (Dkt No. 2 at CM/ECF 64-71).  On October 6, 2020, Dr. Gusman "felt two nodes in [plaintiff's] prostate as well as moderate tenderness" and made a referral for a urology consultation. (Am. Compl. ¶ 26).  Defendants do not dispute that the urology consultation did not occur until seven months later, and a biopsy was not collected until eleven months after Dr. Gusman felt the nodes. (Am. Compl. ¶¶ 26-29).  Nor do defendants dispute that plaintiff was not informed that he had cancer for approximately six weeks after his biopsy procedure, even though the results of his biopsy were available three days later. (Dkt. No. 2 at CM/ECF 7; Am. Compl. ¶¶ 30-31).  At this stage in the proceeding, plaintiff has set

---

[5] This finding does not rule out that a well-documented motion for summary judgment might establish that there is no disputed issue of material fact with respect to the objective prong of plaintiff's medical care claim.

forth enough facts to plausibly suggest that defendant Gusman acted with deliberate indifference.[6]

### IV. Plaintiff's State Law Claims

As defense counsel persuasively argues, plaintiff's state law claims of negligence and medical malpractice are barred by New York Corrections Law, Section 24, and may only be asserted in the New York Court of Claims. (Def.'s Mem. at 11-12). The amended complaint tacitly acknowledges that the defendant doctors were employees of New York Department of Corrections and Community Supervision ("DOCCS") acting within the scope of their employment and in the discharge of their duties, satisfying the requirements of Section 24. (Am. Compl. ¶ 13). *See, e.g.*, *McLean v. Ferguson*, No. 9:20-CV-1115 (TJM/TWD), 2021 WL 6750544, at *6 (N.D.N.Y. Nov. 5, 2021) (plaintiff's state law claims of negligence and medical malpractice against DOCCS employees acting within the scope of their employment are barred in federal court by New York Correction Law Section 24), *report and recommendation adopted*, 2022 WL 252162 (N.D.N.Y. Jan. 27, 2022); *Grubbs v. Ngbodi*, No. 21-CV-2906, 2022 WL 4072926, at *10 (S.D.N.Y. Sept. 2, 2022) (granting motion to dismiss state law medical malpractice claims against DOCCS medical staff members under Corrections Law, Section 24).[7]

---

[6] Again, this finding does not suggest that a well-documented motion for summary judgment could establish that no reasonable fact finder could conclude that Dr. Gusman was deliberately indifferent to plaintiff's serious medical needs.

[7] Federal courts in New York have held that the Supreme Court's decision in *Haywood v. Drown*, 556 U.S. 729 (2009) does not affect the question of the district court's jurisdiction to hear pendent state law claims against DOCCS employees, including for negligence and malpractice, and

14

## V. **Opportunity to Amend**

### A. **Legal Standard**

Generally, when the court dismisses a pro se complaint for failure to state a claim, the court should afford the plaintiff the opportunity to amend at least once. *Jackson v. Wells Fargo Home Mortg.*, 811 F. App'x 27, 29 (2d Cir. 2020). However, leave to re-plead may be denied where any amendment would be futile. *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014). The Second Circuit has held that leave to amend should be denied where "better pleading will not cure" the defects in a plaintiff's complaint. *Cuoco v. Moritsugo*, 222 F.3d 99, 112 (2d Cir. 2000).

### B. **Analysis**

Plaintiff has already been provided with one opportunity to amend, after the court identified the deficiencies in his initial complaint. (*See* Dkt. Nos. 13, 17, 18). This court finds that no further amendment of plaintiff's complaint will cure the statute of limitations bar to his Section 1983 claim against Dr. Bhavsar. (*See* note 4, above). Plaintiff's state law claims are subject to dismissal for lack of subject matter jurisdiction and thus must be dismissed without prejudice. *McLean v. Ferguson*, 2021 WL 6750544, at *7. However, the jurisdictional bar to asserting plaintiff's state law claims in this action cannot be remedied, and thus, leave to amend should not be granted.

---

have continued to dismiss those claims under Corrections Law § 24. *See, e.g., Rucano v. Koenigsmann*, No. 9:12-CV-00035 MAD, 2014 WL 1292281, at *16 (N.D.N.Y. Mar. 31, 2014) (collecting cases), *Cox v. Lescano*, No. 20-CV-7381, 2022 WL 2048106, at *10 (S.D.N.Y. June 7, 2022) (collecting cases).

15

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that defendants' motion to dismiss (Dkt. No. 26) be **GRANTED IN PART** with respect to (1) plaintiff's state law claims, which are subject to dismissal without prejudice, but without leave to amend and (2) the Section 1983 claims against defendant Bhavsar, which are subject to dismissal with prejudice and without leave to amend,[8] and it is further

**RECOMMENDED**, defendants' motion to dismiss (Dkt. No. 26) be **DENIED** with respect to the Section 1983 claims against defendant Gusman.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. These objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health & Hum. Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

Dated: March 30, 2023

Andrew T. Baxter
U.S. Magistrate Judge

---

[8] If this recommendation is accepted by District Judge Suddaby, Dr. Bhavsar should be terminated as a defendant in this action.