UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MARCOS RODRIGUEZ, a/k/a Marcos Rodriquez,

                Plaintiff,

v.                                            9:22-CV-0181
                                                          (GTS/ATB)

DR. BIPIN BHAVSAR, Eastern Corr. Fac., f/k/a
Bhavsar Bipin; and DR. MIKHAIL GUSMAN,
Eastern Corr. Fac., f/k/a Mikhail Guzman,

                Defendants.
_____

APPEARANCES:                                          OF COUNSEL:

MARCOS RODRIGUEZ, 02-A-5668
  Plaintiff, *Pro Se*
Greene Correctional Facility
P.O. Box 975
Coxsackie, New York 12051

HON. LETITIA A. JAMES                           MARK G. MITCHELL, ESQ.
Attorney General for the State of New York     Assistant Attorney General
Counsel for Defendants
The Capitol
Albany, New York 12224

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

     Currently before the Court, in this *pro se* prisoner civil rights action filed by Marcos Rodriguez a/k/a Marcos Rodriquez ("Plaintiff") against the two above-captioned employees of the New York State Department of Corrections and Community Supervision ("Defendants") pursuant to 42 U.S.C. § 1983, is United States Magistrate Judge Andrew T. Baxter's Report-Recommendation recommending that Defendants' motion to dismiss be granted in part

(specifically, with respect to Plaintiff's Section 1983 claims against Defendant Bhavsar, and all of his state law claims), and denied in part (specifically, with respect to Plaintiff's Section 1983 claims against Defendant Gusman). (Dkt. Nos. 26, 39.) Neither party has filed an objection to the Report-Recommendation, and the deadline by which to do so has expired. (*See generally* Docket Sheet.)

After carefully reviewing the relevant papers herein, including Magistrate Judge Baxter's thorough Report-Recommendation, the Court can find no clear-error in the Report-Recommendation.[1] Magistrate Judge Baxter employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons set forth therein, and Defendants' motion to dismiss is granted in part (specifically, with respect to all of Plaintiff's state law claims, as well as his Section 1983 claims against Defendant Bhavsar), and denied in part (specifically, with respect to Plaintiff's Section 1983 claims against Defendant Gusman).

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Baxter's Report-Recommendation (Dkt. No. 39) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendants' motion to dismiss (Dkt. No. 26) is **GRANTED in part** as

---

[1] When no objection is made to a report-recommendation, the Court subjects that report-recommendation to only a clear error review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*; *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks omitted).

follows: (1) Plaintiff's Section 1983 claims against Defendant Bhavsar are **DISMISSED** with **prejudice and without prior leave to amend**, and Defendant Bhavsar is **TERMINATED** as a Defendant in this action; and (2) Plaintiff's state law claims are **DISMISSED** without prejudice **but without leave to amend in this action**, and it is further

    **ORDERED** that the remainder of Defendants' motion to dismiss (Dkt. No. 26) is otherwise **DENIED** (i.e., with regard to Plaintiff's Section 1983 claims against Defendant Gusman).

Dated: May 4, 2023
       Syracuse, New York

_____
Glenn T. Suddaby
U.S. District Judge