UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MARCOS RODRIGUEZ, a/k/a Marcos Rodriquez,

                    Plaintiff,

v.                                             9:22-CV-0181
                                                  (GTS/MJK)

DR. MIKHAIL GUSMAN, Eastern Corr. Fac.,
f/k/a Mikhail Guzman,

                    Defendant.
_____

APPEARANCES:                                               OF COUNSEL:

MARCOS RODRIGUEZ, 02-A-5668
  Plaintiff, *Pro Se*
Greene Correctional Facility
P.O. Box 975
Coxsackie, New York 12051

HON. LETITIA A. JAMES                              ERIN P. MEAD, ESQ.
Attorney General of the State of New York        Assistant Attorney General
  Counsel for Defendants
The Capitol
Albany, New York 12224

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

      Currently before the Court, in this *pro se* prisoner civil rights action filed by Marcos Rodriguez ("Plaintiff") against Dr. Mikhail Gusman, an employee of the New York State Department of Corrections and Community Supervision ("Defendant"), are the following: (1) United States Magistrate Judge Mitchell J. Katz's Report-Recommendation recommending that Plaintiff's motion for partial summary judgment be denied, Defendant's cross-motion for summary judgment be granted, Plaintiff's motion to compel be denied, Plaintiff's motion to defer

consideration of Defendant's cross-motion be denied, and that Plaintiff's Amended Complaint be dismissed; (2) Plaintiff's Objections to the Report-Recommendation; and (3) Defendant's response to Plaintiff's Objections. (Dkt. Nos. 96, 100, 101.)

## I.   RELEVANT BACKGROUND

### A.   Procedural History

For the sake of brevity, the Court will not repeat the procedural history of this action, the parties' arguments on their cross-motions for summary judgment, and the findings of fact and conclusions of law rendered by Magistrate Judge Katz, but will simply refer the reader to the relevant portions of Magistrate Judge Katz's Report-Recommendation, which contain that information. (Dkt. No. 20, at Parts I, II, IV, V, and VII.)

### B.   Plaintiff's Objections to the Report-Recommendation

Generally, liberally construed, Plaintiff's Objections asserts six arguments. (Dkt. No. 100.) First, Plaintiff argues, Magistrate Judge Katz improperly attempted to resolve disputes of fact against Plaintiff in the following ways: (a) he took into account the fact that Plaintiff disputed only 27 of the 81 facts asserted by Defendant, but he did not take into account the fact Defendant disputed only 9 of the 37 facts asserted by Plaintiff in his motion; (b) he accepted Defendant's denial of Fact Numbers 36 and 37 asserted by Plaintiff, even though those denials were contracted by Plaintiff's record evidence; and (c) his finding that "Plaintiff has offered no evidence . . . showing that the prescribed medication regimen deviated from reasonable medical practice for the treatment of his condition" is contradicted by Plaintiff's record evidence (including Paragraph 29 of Plaintiff's Statement of Facts). (*Id*. at 2.)

Second, Plaintiff argues, Magistrate Judge Katz failed to set forth proposed findings of

2

fact, specifically, which facts are deemed undisputed in the record. (*Id*. at 3.)

Third, Plaintiff argues, Magistrate Judge Katz improperly made credibility determinations in the following ways: (a) he accepted Defendant's assertion that Plaintiff's PSA levels were within normal range and that no further testing was indicated, despite the record evidence that Defendant nonetheless continued to order PSA testing (showing his awareness of the risk), and the record evidence that the medication being prescribed was lowering Plaintiff's PSA levels; (b) he found that Defendant had provided reasonable care, even though "Hydrocelle and Epididimitis are results of symptoms and complications indicative of serious problems with the prostate," and "[a] determination of benign [prostatic hyperplasia] in 2017 was clinically impossible without a biopsy"; and (c) he found that "there is no medical evidence suggesting that Plaintiff suffered from prostate cancer before October 6, 2020," even though Plaintiff had submitted record evidence establishing that his cancer was "slow moving" and present in more than half of his prostate. (*Id*. at 3-4.)

Fourth, Plaintiff argues, Magistrate Judge Katz adopted a time line of events that was opposite from what actually happened in the following ways: (a) contrary to his finding that "as soon as Plaintiff presented with symptoms suggestive of prostate cancer,] he was properly examined, tested and referred to a urologist for consultation," in fact the record evidence established that Plaintiff presented with signs and symptoms of prostate cancer in 2014; (b) contrary to his finding that Defendant had no control over when a biopsy was ordered or performed, in fact the record evidence established that Defendant was directly responsible for determining the "Urgency of Care" when making requests for outside medical care; and (c) contrary to his findings that Plaintiff does not adduce evidence controverting the fact that "Dr.

3

Gusman's statement that further testing was not medically indicated given plaintiff's PSA results, lack of positive findings upon performing a Digital Rectal Exam, and lack of symptomology" and that "[Defendant] had no reason to suspect plaintiff had prostate cancer prior to October 6, 2020," in fact the record evidence established the opposite. (*Id*. at 4-5.)

Fifth, Plaintiff argues, although Defendant cannot be held liable for acts of deliberate indifference occurring before February 23, 2019, Defendant's acts and omissions before that date are admissible evidence (under the continuing-violation doctrine) for purposes of determining his liability for acts occurring between February 23, 2019, and March 24, 2021. (*Id*. at 5.)

Sixth, Plaintiff argues, Magistrate Judge Katz improperly recommended the denial of Plaintiff's motion to compel for the following reasons: (a) contrary to his finding that Plaintiff's motion to compel was filed on March 22, 2024, twenty-nine days after the supposed discovery deadline of February 22, 2024, in fact that motion was filed (pursuant to the Prison Mailbox Rule) on March 18, 2024, less than eleven days after that supposed deadline; (b) in any event, no such deadline is permitted by Fed. R. Civ. P. 37, and even if it did this Court could exercise its discretion to consider a late motion to compel; and (c) contrary to his finding that Plaintiff has made no showing that he was deprived of any information during discovery that is germane to the parties' cross-motions, in fact Plaintiff communicated three times with defense counsel to resolve their discovery dispute (on January 24, January 26, and February 8, 2024), but defense counsel improperly refused discovery and engaged in delay tactics. (*Id*. at 6.)

**C.     Defendant's Response to Plaintiff's Objections**

Generally, in response to Plaintiff's Objections, Defendant asserts seven arguments. (Dkt. No. 101; Dkt. No. 101, Attach. 1.) First, Defendant argues as a threshold matter that, in his

Objections, Plaintiff repeatedly reiterates the arguments he previously made in support and in opposition to summary judgment (such as his argument that he had prostate cancer back in March 2017), thus subjecting those arguments to only a clear-error review. (Dkt. No. 101, at 5.)[1]

Second, in response to Plaintiff's first argument (regarding the purported improper resolution of disputes of fact), Defendant argues that Magistrate Judge Katz did not improperly resolves disputes of fact; rather, when considering whether the record evidence supported the parties' assertions and denials, he viewed all ambiguities and inferences in Plaintiff's favor, and then properly rejected Plaintiff's conclusory allegations, unsubstantiated speculation, and mischaracterization of the medical evidence (including the *Physicians' Desk Reference*, which is cited in support of Paragraph 29 of Plaintiff's Statement of Facts). (Dkt. No. 101, at 5; Dkt. No. 101, Attach. 1, at 1-3.)

Third, in response to Plaintiff's second argument (regarding the purported lack of proposed findings of fact), Defendant argues that Magistrate Judge Katz clearly did render findings of fact, for example, in Part V.B. (or pages 19 through 29) of the Report-Recommendation. (Dkt. No. 101, at 5; Dkt. No. 101, Attach. 1, at 3.)

Fourth, in response to Plaintiff's third argument (regarding the purported making of credibility determinations), Defendant argues that Magistrate Judge Katz made no credibility determinations; rather, again, he properly rejected Plaintiff's unsupported and conclusory medical opinions, such as those regarding Hydrocelle and Epididimitis and the need for biopsies. (Dkt. No. 101, at 5; Dkt. No. 101, Attach. 1, at 3-4.)

---

[1] Page citations in this Decision and Order refer to the screen numbers on the Court's Case Management / Electronic Case Filing ("CM/ECF") System, not to the page numbers stated on the documents contained therein.

Fifth, in response to Plaintiff's fourth argument (regarding the purported incorrect time line of events), Defendant argues that (a) Magistrate Judge Katz correctly set forth the time line of events, and (b) what Plaintiff is really doing is arguing that he had prostate cancer back in March 2017 without citing any admissible record evidence that actually supports that argument. (Dkt. No. 101, at 5; Dkt. No. 101, Attach. 1, at 4-5.)

Sixth, in response to Plaintiff's fifth argument (regarding the statute of limitations), Defendant argues as follows: (a) Plaintiff's assertion regarding the admissibility of evidence of Defendant's acts and omissions prior to February 23, 2019, is unsupported by any legal citations, and is rendered irrelevant by his concession that Defendant cannot be held liable for such acts and omissions; and (b) in any event, it is clear that Magistrate Judge Katz considered Defendant's acts and omissions prior to February 23, 2019, in recommending that Defendant's motion for summary judgment be granted (as stated in note 5 on page 14 of the Report-Recommendation). (Dkt. No. 101, at 5; Dkt. No. 101, Attach. 1, at 5.)

Seventh, in response to Plaintiff's sixth argument (regarding his motion to compel), Defendant argues as follows: (a) Plaintiff's timeliness arguments are without merit because he acknowledges his motion was still untimely and, in any event, Magistrate Judge Katz alternatively decided the motion on the merits; and (b) Plaintiff's merits arguments miss the point by failing to address the fact that he still has not shown how the information sought was relevant to the issues presented by the parties' cross-motions (which regard whether Defendant knew or should have known that Plaintiff was suffering from prostate cancer and/or intentionally failed to treat him). (Dkt. No. 101, at 5-6; Dkt. No. 101, Attach. 1, at 5.)

**II.   APPLICABLE LEGAL STANDARDS**

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[2] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[3] Similarly, a district court will ordinarily refuse to consider argument that could have been, but

---

[2] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[3] *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

was not, presented to the magistrate judge in the first instance. *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3(N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007(2d Cir. 1999). Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[4] Finally,

---

[4] *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P.72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error"review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id*.[5]

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

**III.   ANALYSIS**

After carefully considering the matter, the Court rejects each of the arguments asserted by Plaintiff in his Objections for each of the reasons stated by Defendant in his response thereto. *Compare* Part I.B. of this Decision and Order *with* Part I.C. of this Decision and Order.  As a result, the Court finds that those portions of the Report-Recommendation that Plaintiff has not specifically challenged (or that he has challenged only through repeated arguments) survive a clear error review, and that those portions of the Report-Recommendation that Plaintiff has specifically challenged survive a de novo review: Magistrate Judge Katz has employed the proper standards, accurately recited the facts, and correctly applied the law to those facts.  (*See generally* Dkt. No. 96.)   To the reasons offered by Defendant, the Court adds only two brief points.

First, one of Plaintiff's main arguments is that Magistrate Judge Katz erroneously found

---

[5]   *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

Defendant to have successfully denied Paragraphs 36 and 37 of Plaintiff's Statement of Material Facts (which asserted that Plaintiff's difficulty urinating and sleeping and his having chronic pain in his lower body were symptoms of prostate cancer), even though Plaintiff submitted data from the National Cancer Institute ("NCI") indicating that those conditions were symptoms of prostate cancer. (Dkt. No. 100, at 1-2.) As a threshold matter, the record evidence cited by Plaintiff in support of Paragraphs 36 and 37 of his Statement of Material Facts did *not* include data from the NCI; instead, the record evidence cited by Plaintiff consisted of his own affidavit, which either did not cite the medical record or cited portions of it that do *not* in fact establish a causal connection between Plaintiff's symptoms and prostate cancer. (Dkt. No. 65, at ¶¶ 36-37.) In any event, two problems exist with Plaintiff's reliance on the NCI data to establish such a casual connection under the circumstances: (1) that reliance disregards the far-more-numerous other times (accurately cited by Defendant) that Plaintiff reported urinating *without* difficulty; and (2) more importantly, that reliance disregards the plethora of record evidence (also accurately cited by Defendant) establishing no such causal connection between Plaintiff's symptoms and prostate cancer (but rather establishing a causation connection between those symptoms and *other* medical conditions). (Dkt. No. 74, at ¶¶ 36-37.) Simply stated, even when the record is viewed in Plaintiff's favor, no admissible record evidence exists from which a rational jury could find such a causal connection; all Plaintiff has offered is his own lay opinion disagreeing with Defendant's medical judgment, which is insufficient to create a genuine dispute of material fact. *See United States ex rel. Hyde v. McGinnis*, 429 F.2d 864, 867-68 (2d Cir.1970) ("A difference of opinion between a physician and a patient does not give rise to a constitutional right or sustain

10

a claim under § 1983.") (internal quotation marks omitted).[6]

Second, even if Plaintiff were correct that Defendant could somehow be faulted for having failed to discover Plaintiff's prostate cancer before biopsy results did so on August 31, 2021, Plaintiff must remember that the second element of an Eighth Amendment claim (i.e., the element requiring that the defendant was deliberately indifferent to the plaintiff's serious medical need) describes a state of mind more blameworthy than negligence. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Rather, deliberate indifference describes a state of mind akin to criminal recklessness. *Farmer*, 511 U.S. at 827; *Wilson v. Seiter*, 501 U.S. 294, 301-03 (1991); *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996). The prisoner must demonstrate that the defendant acted with conscious or reckless disregard to a known substantial risk of harm. *Farmer*, 511 U.S. at 836; *Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003); *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998). Here, there is no admissible record evidence of such a state of mind.

For all of these reasons, the Court adopts the Report-Recommendation in its entirety.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Katz's Report-Recommendation (Dkt. No. 96) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

---

[6] *See also Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998) ("It is well-established that mere disagreement over the proper treatment does not create a constitutional claim."); *see, e.g., Smalls v. Wright*, 807 F. App'x 124, 126 (2d Cir. 2020) (summary order) ("[Defendant's] decisions not to order an MRI and not to refer [the plaintiff] to a specialist constitute matters of medical judgment that do not give rise to an Eighth Amendment violation."); *Reyes v. Gardener*, 93 Fed. App'x 283, 285 (2d Cir. 2004) ("[Plaintiff] has offered no evidence . . . showing that the prescribed medication regimen deviated from reasonable medical practice for the treatment of his condition.").

**ORDERED** that Plaintiff's motion for partial summary judgment (Dkt. No. 65) is **DENIED**; and it is further

**ORDERED** that Defendant's cross-motion for summary judgment (Dkt. No. 71) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's motion to compel discovery (Dkt. No. 70) and motion to defer consideration of Defendant's cross-motion for summary judgment (Dkt. No. 84) are **DENIED**; and it is further

**ORDERED** that Plaintiff's Amended Complaint (Dkt. No. 17) is **DISMISSED**.

Dated: September 10, 2024
Syracuse, New York

_____
Glenn T. Suddaby
U.S. District Judge